KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7959
DARBY LAW PRACTICE, LTD.
499 W. Plumb Lane, Suite 202
Reno, Nevada 89509
Telephone: (775) 322-1237
Facsimile:  (775) 996-7290
E-mail: kevin@darbylawpractice.com
          tricia@darbylawpractice.com

Counsel for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.:    BK-N-24-50090-hlb |
| | Chapter 11 Subchapter V |
| GILLIAM CONSTRUCTION, INC., | |
| | **DEBTOR'S STATUS CONFERENCE REPORT PURSUANT TO 11 U.S.C. §1188(c)** |
| Debtor. | |
| | Hearing Date:  February 28, 2024 |
| _____/ | Hearing Time: 2:30 p.m. |

Debtor and Debtor in Possession, GILLIAM CONSTRUCTION, INC. ("Debtor"), by and through counsel, Kevin A. Darby, Esq. of Darby Law Practice, Ltd., hereby submits this status conference report pursuant to by 11 U.S.C. § 1188(c). Section 1188(c) of the Small Business Reorganization Act ("SBRA") requires a Debtor to, not later than 14-days before the status conference scheduled under §1188(a), file with the Court and serve on the trustee and all parties in interest a report that details the efforts the Debtor has undertaken, and will undertake, to attain consensual plan confirmation. Pursuant to this requirement, Debtor hereby reports as follows:

1.      **General Background.**

This case was filed on January 29, 2024.  Debtor operates as general contracting business in Reno, Nevada. Debtor's scope of work includes, but is not limited to, kitchen and bathroom remodels, additions and add-ons, tenant improvements, general remodeling and residential/commercial new builds.  More information about Debtor's business and product lines

can be found at www.cilliamconstruction.com.

**2. Plan of Reorganization.**

Debtor's small business plan of reorganization must be filed not later than 90-days after the order for relief pursuant to 11 U.S.C. § 1189(b). Debtor will comply with §1189(b) and file a plan by the April 29, 2024 deadline. Debtor will commit all of its projected disposable monthly income to fund a plan for a period of 36 to 60-months. The plan will provide for general unsecured creditors to receive at least as much as they would receive in a liquidation case. Debtor anticipates that its disposable monthly income will first be disbursed to administrative creditors, until paid in full. After administrative claims are paid in full, Debtor's disposable monthly income will be paid toward any priority tax claims, until those claims are paid in full. Then, Debtor's disposable monthly income will be disbursed to general unsecured creditors on a pro rata basis, through the end of the plan term. Debtor reserves the right to file a plan that is not consistent with the foregoing.

**3. Report on Consensual Confirmation.**

a. Administrative Claims

Debtor anticipates paying certain administrative claims through the plan in accordance with 11 U.S.C. § 1191(e). Debtor projects administrative creditors paid through the plan will include Debtor's reorganization counsel and the Subchapter V Trustee. Debtor believes the treatment of administrative claims under Debtor's plan will be consensual.

b. Priority Tax Claims

Debtor believes there is one priority tax claims of approximately $24,000, which is owed to the Nevada Department of Taxation. Debtor's plan will provide for the payment of all priority tax claims in full, with interest as allowed by law, within 60-months from the date this case was filed.

c. Secured Claims

There are seven scheduled secured claims in this case. Debtor's counsel has communicated with counsel for one of the secured creditors, the U.S. Small Business Administration. Debtor's Counsel has not had any initial conversations with any other secured creditor's legal counsel. At this point, it is not yet known whether Debtor and the secured creditors will be able to agree to the

treatment of the secured creditor's claim

        d. <u>General Unsecured Claims</u>

Debtor anticipates unsecured creditors will be impaired under the plan and will not be paid in full. The plan will provide a return to general unsecured creditors that will exceed what unsecured creditors could expect to receive in a Chapter 7 liquidation. Debtor's counsel has not yet communicated with any unsecured creditors or their legal counsel. It is too early to determine whether consensual confirmation will be possible with unsecured creditors in this case.

**4. Filed Claims.**

The deadline to file a proof of claim in this case is April 8, 2024 for non-government claimholders and July 29, 2024 for governmental bodies. As of the date of this status report, one non-priority unsecured claim in the amount of $26,168 has been filed.

**5. Pending Matters.**

Pending before the Court at the time of this status report is the application to employ Debtor's general reorganization and Debtor's motion to use cash collateral. Debtor anticipates filing a stipulation authorizing the use of the U.S. Small Business Administrations cash collateral prior to the initial status conference in this case.

DATED this 14th day of February, 2024.

                DARBY LAW PRACTICE, LTD.

                    */s/ Kevin A. Darby*
                By: _____
                    KEVIN A. DARBY, ESQ.
                    Proposed Counsel for Debtor